UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAYMOND A. LoTURCO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1434-LJM-DML |
| | ) | |
| THE TERMINIX INTERNATIONAL | ) | |
| COMPANY, L.P., | ) | |
|     Defendant. | ) | |

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on defendant's, The Terminix International Company, L.P. ("Terminix"), Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (c). Plaintiff, Raymond A. LoTurco ("LoTurco"), alleges that Terminix treated a similarly-situated younger employee, Beverly Jones ("Jones"), more favorably. Specifically, LoTurco alleges Terminix unlawfully terminated him on the basis of his age, while retaining the younger Jones, thus violating the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*.

The Court has considered the parties' arguments and, for the following reasons, **DENIES** Terminix's Motion for Summary Judgment.

### I. BACKGROUND

Terminix is a termite and pest control company. Pl.'s Dep. Ex. 4. In 2003, when LoTurco was 66 years old, Terminix hired him as a sales representative at its Indianapolis Branch. Pl.'s Dep. at 15, 30, 41. Within a year, Terminix promoted LoTurco to the position

of sales manager. *Id.* at 38-39. LoTurco's stint in management was short-lived, as three months later, Terminix transferred LoTurco back to the position of sales representative. *Id.* at 43, 49. During the Fall of 2004, Terminix recorded several instances of LoTurco's misconduct at the workplace, none of which is at issue in this case. *Id.* at 60-73, 82-89; Pl.'s Dep. Ex. 6-8, 11-12.

On August 16, 2006, Terminix told LoTurco and Jones that from that day forward they would be required to make twenty "creative sales" every month.[1] Pl.'s Dep. at 112. Failure to do so would result in potential termination. *Id.* at 75-77, 90-91, 112-113; Pl.'s Dep. Ex. 9. Neither LoTurco nor Jones managed to meet the creative sales threshold for the month of September. Pl.'s Dep. at 96; Pl.'s Dep. Ex. 19. At the beginning of October, Terminix reviewed and compared LoTurco and Jones' year-to-date creative sales performances. Pl.'s Dep. Ex. 19; Young Decl. at ¶¶ 11-15. Jones had twenty-two creative sales; LoTurco had eleven. Pl.'s Br. at 8 n.6, 5 n.3 (citing Pl.'s Dep. Ex. 17, 19). LoTurco's employment with Terminix was terminated on October 2, 2006. Pl.'s Dep. at 92. Jones, on the other hand, was issued a report, advising her of her failure to meet the minimum performance standard concerning creative sales, and warning her that her employment could be terminated if she did not improve her creative sales performance. Bahler Dep. at 46-47; Bahler Dep. Ex. 23, Young Decl. at ¶ 19. The Court adds additional facts as needed below.

---

[1] At Terminix, a sale was considered a "creative sale" if it was the result of a first-time contact with a potential customer that the customer did not initiate. Pl.'s Dep. at 43-45. A sale resulting from contact with a customer who had originally reached out to Terminix also qualified as a "creative sale" if thirty days had lapsed since the customer had originally contacted Terminix. *Id.* at 146.

## II. **STANDARD**

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56 (c) ("Rule 56(c)"), which provides in relevant part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which she relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the

moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to [her] case, one on which [she] would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### III. **DISCUSSION**

Under the burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), LoTurco must first make out a prima facie case of age discrimination by showing that: (1) he is a member of a protected class; (2) he performed reasonably on the job in accord with his employer's legitimate expectations; (3) despite his reasonable performance, he was subjected to an adverse employment action; and (4) similarly-situated

employees outside of his protected class were treated more favorably by Terminix than LoTurco. *Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 559 (7th Cir. 2007). If he succeeds, the burden shifts to Terminix to articulate a legitimate, nondiscriminatory reason for its decision, which LoTurco can then attack as a pretext for discrimination. *Id.*

Terminix concedes that LoTurco is a member of a protected class, because he is over the age of forty. Terminix also does not dispute that LoTurco suffered an adverse employment action when he was terminated. Instead, Terminix argues that LoTurco has not demonstrated that he met Terminix's legitimate expectations or that Terminix treated a similarly-situated younger employee more favorably than LoTurco. The Court considers these issues in turn.

### A. SATISFACTORY JOB PERFORMANCE

Instead of asserting that he met Terminix's legitimate expectations, LoTurco attempts to satisfy the second prong of his prima facie case by showing that Terminix's legitimate expectations were themselves a sham designed to hide a discriminatory purpose. *See Brummett v. Lee Enterprises, Inc.*, 284 F.3d 742, 745 (7th Cir. 2002). This is an entirely legitimate, indeed necessary, tactic on LoTurco's part, as it is undisputed that LoTurco was the worst creative sales performer in Terminix's entire Indiana/Ohio region, and failure to make creative sales was the reason Terminix proffered for LoTurco's termination.[2] Pl.'s Br. at 7; Pl.'s Dep. at 143, 147-48.

---

[2] The Court will not consider the recital of LoTurco's disciplinary history in Terminix's summary judgment brief as an appropriate justification upon which Terminix may now rely, as it was not the reason proffered by Terminix at the time of LoTurco's dismissal. *See Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 329 (7th Cir. 2002)

In essence, LoTurco must satisfy the Court that a reasonable fact finder could conclude that Terminix's otherwise legitimate expectation of creative sales was, in his case, a pretext for age discrimination. *Wolf v. Buss (America) Inc.*, 77 F.3d 914, 920 (7th Cir. 1996). Pretext "means a lie, specifically a phony reason for some action." *Russell v. Acme-Evans Co.*, 51 F.3d 64, 68 (7th Cir. 1995). LoTurco may establish pretext indirectly by proving that: (1) Terminix's explanation had no basis in fact, (2) the explanation was not the "real" reason, or (3) the reason stated was insufficient to warrant the discharge. *Lenoir v. Roll Coater, Inc.*, 13 F.3d 1130, 1133 (7th Cir. 1994).

In evaluating Terminix's explanation, the Court must keep in mind "that there is a fine line between evidence that appropriately challenges the employer's proffered reasons as being unworthy of credence and evidence that the employer made a mistake or a bad business judgment." *Kralman v. Illinois Dept. of Veterans' Affairs*, 23 F.3d 150, 156 (7th Cir. 1994). The Court does not sit as a "super-personnel department" that re-examines Terminix's business decisions. *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1365 (7th Cir. 1988) (quoting *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir. 1986)). No matter how mistaken, misguided, or even medieval Terminix's employment practices might appear, the Court must limit its inquiry to whether Terminix offered an honest explanation for its decision. *Id.*

LoTurco argues that lack of creative sales was not the real reason for his

---

("[T]he issue is not the employee's past performance, but whether the employee was performing well at the time of her termination."). However, neither will the Court consider the recital *per se* pretext for summary judgment purposes, as LoTurco urges. *See McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 373-74 (7th Cir. 1992).

6

termination from Terminix.  According to LoTurco, this explanation for his termination defies logic, especially considering that his overall sales performance was among the highest in the Indianapolis/Ohio region.  In making this argument, LoTurco is not merely second guessing a company's legitimate business decision, as Terminix would have the Court believe.  Def.'s Reply Br. at 6-7.  Rather, LoTurco is challenging whether Terminix honestly believed in the reason it gave for his termination.  *Cf.  Brill v. Lante Corp.*, 119 F.3d 1266, 1270, 1273 (7th Cir. 1997) (refusing to entertain terminated employee's argument that her former employer's perception of her abilities was inaccurate); *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 373 (7th Cir. 1992) (declining to address any mistake in judgment, as opposed to a dishonest proffered belief, on the part of the defendant/employer).

LoTurco has provided the Court with more than a subjective, conclusory statement comparing his ability to others' abilities.  *Cf. Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 733 (7th Cir. 2001) ("Johnson's subjective belief that she was better qualified than Bennett does not, without more, demonstrate pretext.").  He has provided the Court with extrinsic proof that his overall sales performance was among the highest in the Indianapolis/Ohio region. Pl.'s Dep. Ex. 18, 19.  Terminix has not cast any doubt upon the authenticity of this evidence.  Def.'s Reply Br. at 7.  Instead, Terminix has merely maintained its position that it made a legitimate decision to focus on creative sales rather than overall sales, and that LoTurco was terminated for his low creative sales numbers.  Def.'s Reply Br. at 6-7.

If Terminix had provided the Court with some reason, however mistaken or misguided, for why an employee's total number of creative sales was of more importance to Terminix than the same employee's overall sales, this would be an easy case.  *Mechnig*,

864 F.2d at 1365. However, without such an explanation, there is sufficient evidence for a reasonable fact finder to conclude that Terminix's proffered reason for LoTurco's termination, namely, his low number of creative sales, is unworthy of credence under either the second or third method *Lenoir* sets forth for indirectly establishing pretext. *See Lenoir*, 13 F.3d at 1133. In other words, a reasonable fact finder could find it entirely unbelievable that a company would, in good faith, fire an employee who had one of the highest overall sales performances in the region, merely because he did not excel at a subset of overall sales. *See Gordon v. United Airlines, Inc.*, 246 F.3d 878, 889 (7th Cir. 2001) ("[W]e need not abandon good reason and common sense in assessing an employer's actions. . . . [W]e need not take an employer at its word.")

If Terminix's showing were enough, employers would win at summary judgment in every case in which they stated any objective standard that the terminated employee did not meet, even if that objective standard did not affect the company's bottom line. *See Praigrod v. St. Mary's Medical Center*, No. 3:05-cv-0166-JDT-WGH, 2007 WL 178627, at *7 (S.D. Ind. Jan. 19, 2007) (citing *Lenoir*, 13 F.3d at 1133). For this reason, the Court concludes that LoTurco has met his burden under the second prong of his prima facie case.

### B. SIMILARLY-SITUATED EMPLOYEE

Under the fourth prong of his prima facie case, LoTurco must produce evidence that at least one similarly-situated employee outside of his protected class was treated more favorably by Terminix. *Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 559 (7th Cir. 2007).

LoTurco identifies Jones, a substantially younger employee whom Terminix did not terminate after she failed to make twenty creative sales in September 2006. Terminix concedes Jones is similarly situated to LoTurco in every pertinent aspect except one: Jones had twenty-two total creative sales in 2006, and LoTurco had eleven. Def.'s Reply Br. at 3; Pl.'s Br. at 8 n.6.

The similarly-situated requirement "is not an unyielding, inflexible requirement that requires near one-to-one mapping between employees -- distinctions can always be found in . . . performance histories or the nature of the alleged transgressions." *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 405 (7th Cir. 2007). Rather, the inquiry is flexible and considers all relevant factors, a number of which depend on the context of the case. *Id.* The Court must keep in mind that "the plaintiff need not prove anything at this stage." *Id.* Rather, the Court "simply asks whether there are sufficient commonalities on the key variables between the plaintiff and the would-be comparator to allow the type of comparison that, taken together with the other prima facie evidence, would allow a jury to reach an inference of discrimination or retaliation." *Id.*

With these standards in mind, the Court concludes that Jones is a sufficient comparator. Jones and LoTurco held the same sales representative position at Terminix's Indianapolis branch. Pl.'s Dep. at 48-49. They had the same supervisor and performed the same job duties and responsibilities. *Id.* at 41, 75-77, 112-113; Pl.'s Dep. Ex. 9. On August 16, 2006, Terminix subjected both LoTurco and Jones to the same twenty creative sales per month standard. *Id.* Neither Jones nor LoTurco managed to make twenty creative sales in September 2006. Pl.'s Dep. at 96; Pl.'s Dep. Ex. 19. It is true that Jones

tallied more creative sales during the entirety of 2006 than LoTurco, but LoTurco's overall sales statistics are superior to Jones'. Pl.'s Dep. Ex. 18, 19. These facts suffice to allow a meaningful comparison between Jones and LoTurco for purposes of the common-sense inquiry that *Humphries* requires. *See Humphries*, 474 F.3d at 405. LoTurco has satisfied the fourth and final prong of his prima facie case of age discrimination.

As discussed above, when viewing the facts and drawing all inferences in the light most favorable to LoTurco, a reasonable jury could conclude that Terminix's proffered reason for terminating LoTurco was a fabrication. Therefore, Terminix's Motion for Summary Judgment with respect to LoTurco's claim of age discrimination is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, defendant's, The Terminix International Company, L.P., Motion for Summary Judgment is **DENIED**.

IT IS SO ORDERED this 9th day of July, 2009.

*[Signature]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distributed to:

Cody William Kendall
HASKIN LAUTER & LARUE
ckendall@hlllaw.com

Denise K. LaRue
HASKIN LAUTER & LARUE
dlarue@hlllaw.com

Jay Meisenhelder
HASKIN LAUTER & LARUE
jmeisenhelder@hlllaw.com

Adam Arceneaux
ICE MILLER LLP
adam.arceneaux@icemiller.com

Thomas H. Lawrence
LAWRENCE & RUSSELL, LLP
toml@lawrencerussell.com

Scott James Preston
ICE MILLER LLP
spreston@icemiller.com

Jason Matthew Stephens
LAWRENCE & RUSSELL, LLP
amberp@lawrencerussell.com